NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued December 16, 2008
Decided January 23, 2009

**Before**

TERENCE T. EVANS, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 08-1686

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 07-20020-01 |
| ABNER C. ROBERTSON, *Defendant-Appellant*. | Michael P. McCuskey, *Chief Judge*. |

**O R D E R**

Abner Robertson pleaded guilty to possession of a gun after a felony conviction, *see* 18 U.S.C. § 922(g)(1), and the district court sentenced him to 87 months' imprisonment. On appeal Robertson challenges only the court's application of a four-level increase to his offense level based on the court's finding that he possessed the gun in connection with another felony, drug trafficking. *See* U.S.S.G. § 2K2.1(b)(6). Because the court did not err in finding that Robertson possessed the gun in close proximity to drug paraphernalia and that the gun facilitated and potentially emboldened his ongoing sale of drugs from his apartment, we affirm the judgment of the district court.

The day before Robertson was arrested for possessing the gun, police officers in Danville, Illinois, made a controlled purchase of crack cocaine from him at his apartment.

Based on this drug sale, the police obtained a warrant to search the apartment. Inside a bedroom closet in the apartment the officers found a fully loaded .38 caliber revolver and a box of ammunition. A police scanner was on the bedroom floor. In the kitchen the officers found a digital scale and clear plastic baggies that had been trimmed down in size for packaging drugs. One of those baggies contained suspected cocaine residue. In addition the officers found a crack pipe inside a suitcase and a bag containing approximately one gram of marijuana on top of the microwave. Robertson was arrested and taken to the police station, where after receiving *Miranda* warnings he admitted that the gun was his. Robertson stated that he had bought the gun for protection and confessed that he sold small amounts of cocaine out of his apartment.

At sentencing Robertson objected only to the four-level increase under § 2K2.1(b)(6). Robertson did not testify or offer evidence, but his lawyer contended that the gun was for personal protection and not for selling drugs, and that the drug paraphernalia was more suggestive of personal drug use than drug trafficking. Counsel also noted that the gun was found in the bedroom while the drug paraphernalia was found in the kitchen. In response the government called one of the arresting officers who testified in detail about the items found in the apartment as well as Robertson's statements admitting that he had bought the gun for protection two weeks prior to his arrest and that he sold crack cocaine from his apartment.

The district court overruled the objection. Relying on *United States v. Wyatt*, 102 F.3d 241 (7th Cir. 1996), the court concluded that the evidence supported the reasonable inference that the gun was possessed in connection with the sale of drugs and noted that, as acknowledged in *Wyatt*, guns are tools of the drug trade. The court found that Robertson's admission that he was selling cocaine from his apartment and his sale of crack the day before the search, combined with the doctored baggies, scale, and police scanner, all established, "well beyond a preponderance of the evidence," that Robertson was selling drugs and that the gun "facilitated and had a potential emboldening role" in Robertson's drug sales.

Section 2K2.1(b)(6) provides for a four-level increase in offense level if the defendant used or possessed a firearm in connection with the commission or attempted commission of another felony offense. U.S.S.G. § 2K2.1(b)(6). The adjustment applies if the firearm "facilitated or had the potential of facilitating" another felony offense, which need not be charged. *Id.* at cmt. n.14. That standard is met if the firearm "had some purpose or effect in relation to that second crime." *United States v. LePage*, 477 F.3d 485, 489 (7th Cir. 2007). We review the district court's application of sentencing guidelines de novo, but where the application of a sentencing guideline is based on factual findings, we review for clear error.

*United States v. Wagner*, 467 F.3d 1085, 1089 (7th Cir. 2006); *see United States v. Lang*, 537 F.3d 718, 719 (7th Cir. 2008); *United States v. Bryant*, 420 F.3d 652, 656 (7th Cir. 2005).

As Robertson sees it, the record lacks any evidence that the gun was possessed specifically in connection with the controlled drug buy the day before his arrest. Robertson notes that we have analogized § 2K2.1(b)(6) to 18 U.S.C. § 924(c)(1), which defines as a separate crime the possession of a firearm during and in relation to a drug trafficking crime. And, says Robertson, we held in *United States v. Castillo*, 406 F.3d 806, 814 (7th Cir. 2005), that the "in furtherance of" element of § 924(c)(1) is met only if the government can "clearly show that a firearm was possessed to advance or promote the commission of the underlying offense." Robertson reasons that the only possible underlying offense in this case is the controlled buy and contends that the government failed to show that the gun was accessible during that transaction. The government makes a strained argument that Robertson waived this contention at sentencing, but, preserved or not, Robertson's claim is meritless.

The district court properly found that the gun was possessed in connection with Robertson's ongoing sales of drugs out of his apartment, including but not limited to the transaction the day before his arrest. As the application notes to § 2K2.1(b)(6) explicitly provide, the upward adjustment applies when "a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia . . . because the presence of the firearm has the potential of facilitating another felony offense." U.S.S.G. § 2K2.1 cmt. n.14(B); *see also LePage*, 477 F.3d at 489; *United States v. Caldwell*, 423 F.3d 754, 762 (7th Cir. 2005). This statement is based on the recognition that when "guns are possessed along with the materials of a drug trafficker, it is a reasonable inference that the guns protect or embolden the criminal enterprise." *LePage*, 477 F.3d at 489. The gun here was found in close proximity to the drug paraphernalia in Robertson's apartment; he had sold crack during a controlled transaction at the apartment the day before; he admitted to ongoing sales at the apartment; and he confessed that he bought the gun two weeks earlier. Given this undisputed evidence, the district court's finding that the gun was possessed in connection with drug trafficking is not clearly erroneous. *See LePage*, 477 F.3d at 489-90 (upholding adjustment where defendant was found with bag containing sawed-off shotgun and large quantity of chemical used to dilute methamphetamine and had sold methamphetamine to confidential informant earlier that summer); *United States v. Wyatt*, 102 F.3d 241, 247-48 (7th Cir. 1996) (upholding adjustment where gun was found near plastic baggies and drug-transaction ledgers and defendant admitted he had been distributing marijuana).

AFFIRMED.